# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIJON COX | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. CCB-11-938 |
| UNITED STATES OF AMERICA | * | |
| Defendant | * | |

MEMORANDUM

TiJon Cox complains his rights under the First and Fifth Amendment were violated in the decision rendered in *Cox v. Astrue*, Civil Action No. CCB-10-581(D. Md.) and requests $ 8,300,000 in damages. The court will grant his motion to proceed in forma pauperis and dismiss the complaint without prejudice pursuant to 28 U.S.C.§ 1915(e) (2) (B) (iii) .

**Background**

In *Cox v. Astrue*, this court determined that Mr. Cox had failed to state a prima facie case of discrimination under the Americans with Disabilities Act and granted summary judgment in favor of defendant Michael Astrue, Commissioner of the Social Security Administration. Cox appealed the decision to the Fourth Circuit where it was affirmed. *Cox v. Astrue*, CA4 No.10-1677 (4th Cir. November 24, 2010). Cox now alleges that his rights under the First and Fifth Amendments were violated because he was not "allowed" counsel, a hearing or mediation.

**Discussion**

Pleadings filed by pro se litigants are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and held to a standard less stringent than formal pleadings drafted by attorneys. *See Estelle v. Gamble*, 429 U.S. 97 (1976). District courts are required to dismiss cases proceeding in forma pauperis that seek monetary relief against a defendant protected by

immunity. *See* 28 U.S.C. § 1915(e)(2)(B) (iii).

Under the doctrine of sovereign immunity, the United States may not be sued without its consent, and the terms of its consent to be sued define this Court's jurisdiction. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Absence evidence that the United States has waived immunity in this matter, the case must be dismissed. A separate order follows.

Date: April 25, 2011                                /s/
                                                    Catherine C. Blake
                                                    United States District Judge